COLUMBUS AUTOMOTIVE CORPORA-
TION, Appellant,

v.

OLDBERG MANUFACTURING COM-
PANY, Appellee.

No. 9500.

United States Court of Appeals
Tenth Circuit.

Jan. 17, 1968.

**644**

Fred M. Winner, Denver, Colo. (Clarke W. Karr, Denver, Colo., with him on brief), for appellant.

Jay W. Tracey, Jr., Denver, Colo. (Edwin S. Kahn, Denver, Colo., with him on brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN, Circuit Judge, and DELEHANT *, District Judge.

PER CURIAM.

Plaintiff-Appellant Columbus Automotive Corporation sued Defendant-Appellee Oldberg Manufacturing· Company for a declaratory judgment decreeing that, by virtue of a 1962 letter agreement with Heckethorn Manufacturing and Supply Company (Oldberg's corporate predecessor), Columbus was entitled to a one percent royalty on the sale of two-tube automotive shock absorbers. Columbus also sought an accounting for the accrued royalties and a judgment for the amount shown by the accounting to be due. In a written opinion Judge Doyle sustained Oldberg's affirmative defense of patent misuse and dismissed the action. Columbus Automotive Corp. v. Oldberg Manufacturing Co., D.C., 264 F. Supp. 779. ·

Judge Doyle found the following crucial facts of record. Columbus apparently had the exclusive license to manufacture and sell in the United States certain monotube shock absorbers under the patents of Christian de Carbon, a French inventor. In a 1949 agreement, Columbus granted this exclusive license to Heckethorn. This contract was expressly superseded by a new agreement in 1955 granting to Heckethorn " * * * the sole and exclusive right, license, privilege and authority to make, use and sell said Product * . * * in the United States." Article XX of the 1955 agreement contained a clause critical to this litigation providing that "For the duration of this contract, [Heckethorn] agrees not to manufacture, sell or dispose of any other shock absorber which is competitive with the shock absorbers covered by said Patents."

AP Parts Company subsequently acquired complete control of Heckethorn, and decided to have Heckethorn manufacture a two-tube shock absorber in addition to the monotube de Carbon type. Because of the concern of AP Parts and Heckethorn that the production of two-tube shock absorbers would violate Article XX of the 1955 agreement, representatives of Columbus and Heckethorn met in 1962 to discuss the question. The result was the execution on Columbus' letterhead of four documents one of which provides: "We hereby agree, in view of your explanation of the United States market and the need for a low cost unit to accept a token royalty of one (1) per cent of net sales price in consideration of our approval to your manufacture of said unit not involving de Carbon patents."

This agreement requiring Heckethorn to pay Columbus a one percent royalty on all two-tube shock absorbers sold was honored by Heckethorn until 1963, when AP Parts brought about a merger between Heckethorn and appellee Oldberg. Oldberg honored the 1962 agreement for about one year, but then repudiated it as an unlawful patent misuse. Columbus then initiated this suit.

Oldberg's principal defense to the action was that the anti-competitive clause in Article XX of the 1955 agreement constituted an unlawful extension of the patent monopoly, hence a patent misuse;

---

* District Judge from the Eighth Circuit sitting by designation.

and that the one percent royalty provision in the 1962 agreement, having been executed in exchange for a waiver of the unlawful anti-competitive clause, was invalid and unenforcible. Columbus responded: (1) that Article XX was not unlawful as a patent misuse; (2) that even if it was, the 1962 agreement was valid and enforcible because it was supported by other lawful consideration such as the confidential relationship between the parties and the use of the "Columbus" trade name by Heckethorn and Oldberg; and (3) that any illegality in the 1962 agreement was "purged" by Columbus' waiver or nonenforcement of Article XX.

After meticulously examining the evidence of record and the applicable case law, Judge Doyle ruled that Article XX was not susceptible of a construction which would give it a legitimate effect; that the sole consideration for the one percent royalty was the waiver of the unlawful Article XX, thereby making the 1962 agreement unenforcible as a patent misuse; and that the patent misuse was not purged by the 1962 agreement. We agree with the trial judge's statement of the facts and his analysis of the case law upon which the judgment is based.

The judgment is affirmed for the reasons stated in the reported opinion.